IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Damien O. Johnson, ) | |
| ) | C.A. No. 5:15-2059 |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden, Livesay Correction Institution ) | |
| ) | |
| Respondent. ) | |
| ) | |

      Damien O. Johnson ("Petitioner") is an inmate who is currently housed at the Tyger River Correctional Institution, in Enoree, South Carolina. On May 19, 2015, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his drug-trafficking and resisting-arrest convictions entered on a guilty plea in Horry County, South Carolina, on March 5, 2012. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On May 19, 2015, Petitioner was granted leave to proceed *in forma pauperis*. On June 17, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be dismissed without prejudice because Petitioner failed to fully exhaust his state remedies. On July 8, 2015, Petitioner filed objections to the Report and Recommendation.

      That same day, Petitioner filed a Motion for a Stay and Abeyance to exhaust all of his state remedies. ECF No. 18. Subsequently, on July 16, 2015, Petitioner filed a Motion to Compel Discovery. ECF No. 21. Additionally, on August 24, 2015, Petitioner filed a Motion to Void Judgment (ECF No. 22), Motion to Strike (ECF No. 23), and Motion for Summary Judgment (ECF No. 24). All of these motions related to his claims on appeal and the state court's lengthy processing of his appeal application.

**BACKGROUND**

Petitioner alleged that his direct appeal concluded on September 25, 2012; however, the Magistrate Judge indicated that public records show that Petitioner's direct appeal concluded with the filing of the remittitur from the South Carolina Court of Appeals on October 29, 2012. ECF No. 16 at 1. Petitioner filed a Post Conviction Relief ("PCR") Application in state court on August 8, 2014. ECF No. 1 at 3. On May 19, 2015, when Petitioner filed his petition for a writ of habeas corpus, Petitioner acknowledged that his state action was pending. However, he wanted to proceed in bringing his petition in Federal Court because he wanted to assert his right to "access the courts" because he thought he was experiencing "extraordinary delay" in the processing of his application. ECF No. 1 at 6, 8, 10. On June 17, 2015, the filing date of the Magistrate Judge's Report and Recommendation, Petitioner's application was still pending in the Horry County Court of Common Pleas. *See* Horry County Clerk of Courts, http://publicindex.sccourts.org/Horry/PublicIndex/Case Details.aspx?CourtAgency=26002&Casenum=2014CP2605195&CaseType=V (last consulted March 15, 2015).

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Petitioner objected to the Magistrate Judge's Report and Recommendation, arguing that he

attempted to exhaust his state remedies but was "denied and refused due process, effective assistance of counsel, and his right to a speedy appeal." ECF No. 19 at 5. Petitioner requested that the court grant a stay in the proceedings so that he may exhaust his state court remedies. *Id.* at 2.

The habeas corpus statute requires that state remedies be exhausted before a federal court may grant habeas corpus relief to a state prisoner. *Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir. 1977). Title 28 United States Code Section 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). The exhaustion requirement is based upon the notion that states "should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A prisoner may attack a state court conviction by filing a direct appeal and/or by filing an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq. See Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977) (holding that South Carolina prisoners whose cases have not been reviewed on direct appeal must pursue post-conviction relief before applying for habeas corpus relief); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977).

The court, having carefully reviewed the record, agrees with the Magistrate Judge's Report and Recommendation, that Petitioner had not exhausted his state court remedies at the time he filed the within action. Nevertheless, the court's review of Petitioner's state court records reveals that Petitioner's appeal application was dismissed on November 4, 2015. Petitioner then filed a notice

of appeal with the South Carolina Supreme Court, but on February 9, 2016, and February 19, 2016, the South Carolina Supreme Court dismissed by remittitur all claims related to Petitioner's application. Therefore, Petitioner has now exhausted his state court remedies. Accordingly, the court declines to adopt the Magistrate Judge's Report and Recommendation. Petitioner should amend his petition for writ of habeas corpus within 30 days of the date of filing of this order in light of the dismissal of his PCR application.

## CONCLUSION

The court grants leave to the Petitioner to amend the within petition for writ of habeas corpus because Petitioner has now exhausted his state court remedies. The court declines to adopt the Report and Recommendation (ECF No. 16). Petitioner's Motion to Stay (ECF No. 18) is **DENIED** as moot. Petitioner's Motion to Compel Discovery (ECF No. 21), Motion to Void Judgment (ECF No. 22), Motion to Strike (ECF No. 23) and Motion for Summary Judgment (ECF No. 24) are all **DENIED** without prejudice. The matter is hereby recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

                                                /s/ Margaret B. Seymour
                                                The Honorable Margaret B. Seymour
                                                Senior United States District Judge

March 21, 2016
Columbia, South Carolina