UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damien O. Johnson, | ) | C/A No.: 5:15-cv-02059-MBS-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Warden Bush of Tyger River, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the court on several Motions filed by Plaintiff. The undersigned will address these motions in turn.

1. Notice of Motion and Motion of Representations to the Court; Sanctions Rule 11, ECF No. 62

On August 3, 2016, Petitioner filed a Motion that appears to request sanctions for the Respondent's alleged "frivolous or delaying motion" submitted to the United States District Court. ECF No. 62. There, Petitioner takes issue with Respondent's argument that the court dismiss this action on procedural grounds. *See id.* Petitioner argues that Respondent's argument was submitted "for the improper purpose of unnecessary delay." *Id.* The undersigned recommends that Petitioner's Motion for Sanctions be **denied** because Respondent did not submit a filing to the court for an improper purpose and the factual contentions in Respondent's filings did not lack evidentiary support under Rule 11(b) of the Federal Rules of Civil Procedures.

2. Motion to Request Entry of Default Judgment Rule 56(a) and (b)(1), ECF No. 63

On August 3, 2016, Petitioner requested that the Court enter a Default Judgment under Rule 55 of the Federal Rules of Civil Procedure. ECF No. 63. There, Petitioner maintains that Respondent has failed to comply with the undersigned's June 7, 2016 Order. ECF No. 47.

Respondent's Return was due on August 1, 2016. *See* ECF No. 47 (where the court instructs Respondent to file an answer or other response to the Petition as soon as reasonably possible but no later than fifty (50) days from the date of service). Respondent requested a thirty-day extension of time to file his return. ECF No. 56. The court granted Respondent's Motion, making the new response date September 2, 2016. ECF No. 57.

After reviewing the filings, the undersigned finds that Respondent has not failed to timely respond or otherwise plead. Furthermore, courts have consistently held that an entry of default is not warranted in this context because:

> Were district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.

*Garland v. Warden*, No. 4:08-1668-JFA-TER, 2008 WL 4834597, at *2-3 (D.S.C. Nov. 4, 2008) (citing *United States v. Dill,* 555 F. Supp. 2d 514, 521 (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984)); *Worrell v. U.S. Parole Commission,* 2008 WL 4137680 (N.D.W.Va.). Accordingly, it is recommended that Plaintiff's Motion for Default, ECF No. 63, be **denied**.

3. Motion for Judgment on the Pleadings, ECF No. 67

In his Motion, Petitioner requests judgment on the pleadings because "Respondent has failed to file a response to the pleadings." ECF No. 67. Additionally, Petitioner argues the merits of his habeas Petition and maintains "there is no need to protect litigation in allowing the Respondent to submit a Report and Recommendation attempting to defeat the plaintif[f] through procedural grounds." *Id.* Moreover, Petitioner prays for immediate release from custody of SCDC. *Id.*

As indicated above, Respondent must file a response to Petitioner's habeas action on or before September 2, 2016. Therefore, ruling on Petitioner's arguments now would be premature and would deny the State the opportunity to challenge the merits of Petitioner's action. Therefore, the undersigned recommends **denying** Petitioner's Motion as premature. Petitioner will have the opportunity to file a substantive response to Respondent's assertions in due course.

IT IS SO RECOMMENDED.

August 22, 2016                                             Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge