IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Damien O. Johnson, #305511, ) | C/A No. 5:15-02059-MBS-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Livesay Correctional Institution , ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Damien O. Johnson ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 73, 74. On September 6, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 76. On October 12, 2016, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, ECF No. 87, and on October 31, 2016, Respondent filed a Reply, ECF No. 95. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 74, be

granted because Petitioner filed his habeas Petition after the expiration of the one-year statute of limitations.[1]

I.  Background

Petitioner is currently incarcerated in the Tyger River Correctional Institution ("TRCI") of the South Carolina Department of Corrections ("SCDC"). In 2010, Petitioner was indicted at the August term of the Horry County Grand Jury for trafficking in cocaine (2010-GS-26-03559) and resisting arrest (2010-GS-26-04219). ECF No. 73-1. Barbara Wilson Pratt, Esq., represented Petitioner, and Assistant Solicitor Stephen Grooms represented the State. ECF No. 73-2; 73-8 at 5-7; ECF No. 82. On March 5, 2012, Petitioner entered into a negotiated guilty plea before the Honorable Steven H. John. ECF No. 82. Judge John sentenced Petitioner to seven-years imprisonment for the trafficking conviction and one-year imprisonment for the resisting arrest charge. *Id.* at 14-15. Judge John ordered the sentences run concurrently. *See id.* On March 14, 2012, Petitioner timely filed a Notice of Appeal. ECF No. 73-2. On September 25, 2012, the South Carolina Court of Appeals dismissed Petitioner's direct appeal because Petitioner "failed to provide a sufficient explanation pursuant to Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules (SCACR)." ECF No. 73-3. On October 15, 2012, the appellate court remitted the matter to the lower court. ECF No. 73-4.

II.  Procedural History

---

[1] Based on the undersigned's recommendation that Respondent's Summary Judgment Motion be granted based on untimeliness, the undersigned denies Petitioner's Motion to Strike, ECF No. 88, and Petitioner's Motion for Discovery, ECF No. 89, as moot. Additionally, Petitioner's Motion to Amend/Correct his Petition, ECF No. 78, is denied pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. Petitioner has already amended his Petition as of right, *see* ECF Nos. 35, 36, 42, and the undersigned does not grant Petitioner leave of court to make another amendment based on the untimeliness of this action.

Petitioner filed an application for Post-Conviction Relief ("PCR") on August 4, 2014 (2014-CP-26-5195). ECF No. 73-5. Petitioner filed two amendments to his PCR action. *See* ECF Nos. 73-7; 73-8; 73-9. The State filed a Return and Motion to Dismiss on July 13, 2015. ECF No. 73-10. On July 27, 2015, the PCR court filed a Conditional Order of Dismissal, ECF No. 73-11, and Petitioner was served with the Conditional Order of Dismissal on August 13, 2015, ECF No. 73-12. Petitioner responded to the Conditional Order of Dismissal on August 12, 2015. ECF No. 73-13. On November 4, 2015, the PCR court entered the Final Order of Dismissal. ECF No. 73-14. Petitioner filed a notice of appeal on December 3, 2015, ECF No. 73-15. However, on December 23, 2015, the South Carolina Court of Appeals dismissed the appeal, finding Petitioner failed to provide proof of timely service of the notice of appeal, failed to provide a copy of the order being appealed, and failed to provide proof of service of the motion to proceed in forma pauperis. ECF No. 73-16. Subsequently, Petitioner filed a Motion to Show Cause for Appeal of Order. ECF No. 73-17. The case was then transferred to the South Carolina Supreme Court on February 4, 2016. ECF No. 73-18. In a February 17, 2016 Order, the South Carolina Supreme Court construed Petitioner's Motion to Show Cause for Appeal of Order as a petition for reinstatement of his appeal and denied the petition because Petitioner had not complied with Rule 203(b)(1) and (d)(1)(B)(i) and (ii), SCACR. ECF No. 73-19. On February 17, 2016, the South Carolina Supreme Court remitted the matter to the lower court. ECF No. 73-20. Before the matter was remitted, Petitioner filed his federal habeas petition on May 19, 2015. ECF No. 1. In his Amended Petition, Petitioner raised several ineffective-assistance-of-counsel claims. *See* ECF No. 42.

III.    Discussion

A. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

4

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

    IV.  Analysis

        A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 73 at 17-47. In response, Petitioner seems to admit that he submitted a late habeas Petition. ECF No. 87. However, Petitioner argues he "had no notice of dismissal of his direct appeal on the basis counsel did not know she was counsel of record." *Id.* at 6. Additionally, Petitioner argues that his attorney's errors provide cause to excuse the procedural default. *Id.* The argument in Petitioner's Response is more akin to an equitable tolling argument that the court will address in the following section. Initially, the undersigned will address timeliness of Petitioner's habeas petition under the AEDPA.

As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

A review of the record indicates Petitioner's federal habeas Petition was not timely filed. As previously summarized, Petitioner attempted to appeal his convictions and sentences, but the South Carolina Court of Appeals dismissed his action on September 25, 2012. ECF No. 73-3. On October 15, 2012, the South Carolina Court of Appeals remitted the matter to the lower court. ECF No. 73-4. To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), South Carolina Appellate Court Rules ("SCACR") (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his conviction became final on October 30, 2012, after the 15-day time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court); 28 U.S.C. § 2244(d)(1)(A); s*ee Gonzalez,* 132 S.Ct. at 654 (finding a Petitioner's conviction and sentence become "final" when his "time for seeking review with the State's highest court expire[s]."). So, Petitioner's habeas statute of limitations began to run on October 30, 2012. By the time Petitioner filed an application for Post-Conviction Relief ("PCR") on August 4, 2014, the one-year statute of limitations had already expired. Petitioner was over a year late in his filing. Therefore, Petitioner's habeas Petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed.

B. The Statute of Limitations and Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that

decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Petitioner maintains he is entitled to equitable tolling because his attorney erred while handling his direct appeal, and he had no knowledge that his direct appeal had been dismissed. ECF No. 87 at 6. The undersigned finds that Petitioner has not presented evidence of an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition. "[R]outine attorney ineffectiveness is not an extraordinary reason to equitably toll the statute of limitations." *Wells v. Stevenson*, No. 5:15-1652-CMC-KDW, 2015 WL 7722426, at *3 (D.S.C. Nov. 30, 2015), *appeal dismissed*, No. 15-8000, 2016 WL 1638240 (4th Cir. Apr. 26, 2016) (referencing *Holland*, 560 U.S. at 656 ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. . . .") (quotation marks and citation omitted); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Moreover, Petitioner has not demonstrated that he exercised reasonable diligence in investigating and bringing his claims, as he allowed a significant period of time to elapse from when his direct appeal was dismissed and the time he filed this habeas Petition. Therefore, this court finds that Petitioner has failed to demonstrate grounds for equitable tolling because Petitioner has failed to meet his burden of proving either that he is actually innocent or an extraordinary circumstance prevented him from timely filing a petition for habeas review. *See*

*Holland*, 560 U.S. at 649 (requiring that a petitioner must have "been pursuing his rights diligently, and. . . some extraordinary circumstance stood in his way" to prevent timely filing). Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[2]

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 74, be GRANTED and the Petition be DENIED. As noted in footnote 1 of this Report, the court denies the Motions filed at ECF Nos. 78, 88, and 89.[3]

IT IS SO RECOMMENDED.

November 4, 2016                                            Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

[3] The undersigned notes the pending Report and Recommendation, ECF No. 71, which resolves the following three pending motions: ECF Nos. 62, 63, and 67.