IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Damien O. Johnson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:15-cv-2059 |
| | ) | |
| v. | ) | |
| | ) | |
| Warden, Livesay Correction Institution, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Damien O. Johnson ("Petitioner") is an inmate who is currently housed at the Tyger River Correctional Institution in Enoree, South Carolina. On May 19, 2015, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his drug-trafficking and resisting-arrest convictions entered on a guilty plea in Horry County, South Carolina, on March 5, 2012. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

On August 3, 2016, Petitioner filed a motion for sanctions (ECF No. 62) and a motion for entry of default (ECF No. 63). On August 8, 2016, Petitioner moved for judgment on the pleadings. ECF No. 67. On August 22, 2016, the Magistrate Judge issued a Report and Recommendation recommending Petitioner's motion for sanctions, motion for entry of default, and motion for judgment on the pleadings be denied. ECF No. 71. Petitioner filed objections to the Report and Recommendation on September 8, 2016. ECF No. 80. On September 2, 2016, Respondent filed a motion for summary judgment. ECF No. 74. On September 6, 2016, the court issued an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to

1

respond adequately. ECF No. 76. Petitioner filed a response in opposition to the government's motion on October 12, 2016. ECF No. 87.

On September 6, 2016, Petitioner moved to amend or correct his habeas petition. ECF No. 78. On October 12, 2016, Petitioner filed a motion to strike and a motion for discovery. ECF Nos. 88, 89. On November 4, 2016, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and the petition be denied. ECF No. 98. The Magistrate Judge recommended denying the remaining motions. *Id.* On November 7, 2016, Petitioner again moved for judgment on the pleadings. ECF No. 100. On November 28, 2016, Petitioner filed objections to the Report and Recommendation. ECF No. 105. For the reasons set forth below, Respondent's motion for summary judgment is granted, Petitioner's petition for habeas corpus is denied. Petitioner's motion for sanctions is denied. All remaining motions are denied as moot.

## I. FACTUAL BACKGROUND

In 2010, Petitioner was indicted at the August term of the Horry County Grand Jury for trafficking in cocaine (2010-GS-26-03559) and resisting arrest (2010-GS-26-04219). ECF No. 73-1. Barbara Wilson Pratt, Esq., represented Petitioner, and Assistant Solicitor Stephen Grooms represented the State. ECF No. 73-2; 73-8 at 5-7; ECF No. 82. On March 5, 2012, Petitioner entered into a negotiated guilty plea before the Honorable Steven H. John. ECF No. 82. Judge John sentenced Petitioner to seven years imprisonment for the trafficking conviction and one-year imprisonment for the resisting arrest charge, to run concurrently. *Id.* at 14-15.

On March 14, 2012, Petitioner timely filed a Notice of Appeal. ECF No. 73-2. In the notice of appeal, Petitioner's attorney stated "Trial Counsel believes that no issues of law or fact were raised before the Judge at that time that could be a basis for an [a]ppeal in this matter. The

[Petitioner], through his mother, has requested that this appeal be filed despite my opinion concerning appealable issues." ECF No. 73-2 at 2. On August 9, 2012, Petitioner's attorney forwarded Petitioner a letter from the South Carolina Court of Appeals to submit "a statement in writing of any arguable basis for appeal" to the Court of Appeals. ECF Nos. 95-1, 95-2. Petitioner's attorney also "enclose[ed her] explanation for appealing as the Court [of Appeals requested." ECF No. 95-2. Petitioner submitted his statement to the South Carolina Court of Appeals, where it was received on August 30, 2015. ECF No. 95-3. On September 25, 2012, the South Carolina Court of Appeals dismissed Petitioner's direct appeal because Petitioner "failed to provide a sufficient explanation pursuant to Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules (SCACR)." ECF No. 73-3. On October 15, 2012, the Court of Appeals remitted the matter to the lower court. ECF No. 73-4. As Petitioner did not file a Petition for Rehearing, his conviction became final on October 30, 2012, after the fifteen day time period elapsed. *See* S.C. Rule of App. Proc. 221(a). The Office of the Clerk for Horry County, South Carolina, received the remittitur on October 29, 2012. ECF No. 16 at 1.

Petitioner filed a Post-Conviction Relief ("PCR") Application in state court on August 8, 2014. ECF No. 1 at 3. Petitioner submitted the within § 2254 while the stated PCR action was still pending. Petitioner explained that he wanted to proceed in federal court because he thought he was experiencing "inordinate delay" in the processing of his PCR application. ECF No. 1 at 6. Petitioner's PCR action was final on February 19, 2016, after denial of appeal by the South Carolina Supreme Court. Accordingly, Petitioner has exhausted his state remedies. Petitioner filed an amended petition for writ of habeas corpus on June 1, 2016, raising several new claims.

3

## II. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* In the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

A. <u>Motion for Summary Judgment</u>

Respondent moved for summary judgment, arguing Petitioner's claim falls outside of the statute of limitations. ECF No. 73 at 17-21. The Magistrate Judge found that the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired and equitable tolling does not apply to Petitioner's claim. ECF No. 98 at 10. Petitioner did not object to the Magistrate Judge's finding that his claim was filed outside of the statute of limitations set by the AEDPA. The court adopts the Magistrate Judge's finding that Petitioner filed his federal habeas petition outside of the statute of limitations.

Petitioner objected to the Magistrate Judge's determination that his petition was not subject to equitable tolling. ECF No. 105. The Supreme Court held that equitable tolling only applies if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that

4

some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit permits equitable tolling of AEDPA's statute of limitations in very limited circumstances. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). A habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *Page v. DiGugeliemlmo*, 544 U.S. 408, 418 (2005).

Petitioner argues for equitable tolling on the basis that he had no knowledge that his direct appeal had been dismissed due to attorney error. ECF No. 87 at 6. However, Petitioner has not demonstrated that he exercised reasonable diligence in pursuing his rights. Petitioner was aware that his attorney was not pursuing the claims on appeal. *See* ECF No. 95-2. There is no evidence that Petitioner attempted to discover the status of his appeal until July 14, 2014, after the time to file his habeas petition had elapsed. *See* ECF No. 42-4 at 1. Petitioner has not demonstrated an extraordinary circumstance prevented him from filing a timely petition. Petitioner's claim is not subject to equitable tolling and his habeas petition is time barred.

    B.  Motion for Sanctions

Petitioner moved for sanctions pursuant to Federal Rule of Civil Procedure 11 "[o]n the basis that the Respondent submitted a frivolous or delaying motion." ECF No. 62. The Magistrate Judge recommended "that Petitioner's motion for sanctions be denied because Respondent did not submit a filing to the court for an improper purpose and the factual contentions in Respondent's filings did not lack evidentiary support." ECF No. 71 at 1. Petitioner did not object to the Magistrate Judge's recommendation that Petitioner's motion for sanctions

be denied. *See* ECF No. 78. The court adopts the Magistrate Judge's recommendation. Petitioner's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is denied.

### III.     CONCLUSION

The court adopts the Report and Recommendations (ECF Nos. 71, 98) of the Magistrate Judge and incorporates herein by reference. Respondent's motion for summary judgment (ECF No. 78) is **granted**, Petitioner's petition for writ of habeas corpus § 2254 is **denied**, Petitioners motion for sanctions (ECF No. 62) is **denied.** Petitioner's motions for entry of default (ECF No. 63), for judgment on the pleadings (ECF No. 67), to amend/correct petition (ECF No. 78), to strike (ECF No. 88), for discovery (ECF No. 89), and second motion for judgment on the pleadings (ECF No. 100) are **denied as moot**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee* 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
Senior United States District Court Judge

Columbia, South Carolina
March 30, 2017